IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LES BREAW, ) | |
| ) | |
| Plaintiff, ) | Case No. CV06-296-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| LEWIS K. SMITH and STAN HENDRICKSON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Les Breaw, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Stan Hendrickson and Lewis K. Smith. Plaintiff alleges that Defendants violated his constitutional rights by making statements that slandered and/or defamed the Plaintiff. Defendant Smith now moves to dismiss Plaintiff's action against him pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendant Smith moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motions are ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.[1]

### Standards

On a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir.1996). The Court must "take as true all allegations of material fact stated in the complaint and construe them in the

---

[1] See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998) (holding that "a district court can decide without oral argument if the parties . . . . ha[ve] had an adequate opportunity to provide the trial court with evidence and a memorandum of law").

MEMORANDUM ORDER - Page 1

light most favorable to the nonmoving party." Id. "The Court is not required, however, to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Lord v. Swire Pacific Holdings, Inc., 203 F. Supp.2d 1175, 1178 (D. Idaho 2002) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir.1994)). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Adams v. Synthes Spine Co., 298 F.3d 1114, 1116-17 (9th Cir. 2002).

**Discussion**

Where, as here, no applicable federal statute governs personal jurisdiction, the Court's power to exercise personal jurisdiction over a non-resident defendant is limited both by the applicable state personal jurisdiction statute (long arm statute) and the Due Process Clause. Dole Food Co., Inc. v. Watts, 303 F.3d 1104,1110 (9th Cir.2002); Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990). However, as the Ninth Circuit has previously recognized, the Idaho Legislature intended in adopting the long arm statute to exercise all of the jurisdiction available under the Due Process Clause. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987) (citing Doggett v. Electronics Corp. of Am., 454 P.2d 63, 67 (Idaho 1969)). Thus, the state and federal limits are co-extensive, and an independent review of whether jurisdiction exists under the long arm clause is unnecessary. See Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1286 (9th Cir. 1977).

Due process requires that in order for a non-resident defendant to be haled into court the defendant must have certain minimum contacts with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended. See Sher, 911 F.2d at 1361 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). Additionally, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" Sher, 911

MEMORANDUM ORDER - Page 2

F.2d at 1361 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). The focus in a personal jurisdiction determination is primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

States may exercise general or specific jurisdiction over non-resident defendants. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 nn.8-9 (1984). General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 447 (1952).

When specific jurisdiction is asserted, the Ninth Circuit has used a three part test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. Lake, 817 F.2d at 1421. The plaintiff bears the burden of satisfying the first two prongs of the test. Sher, 911 F.2d at 1361. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476- 78 (1985). Under the first prong of the three-part test, the plaintiff must establish that the defendant purposefully directed his activities toward Idaho.[2] Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, 801, 802-03 (9th Cir.2004).

---

[2] In tort cases, the purposeful availment prong focuses on a purposeful direction analysis. See, e.g., Schwarzenegger v. Fred Martin Motor Company, 374 F.3d 797, 801, 802 (9th Cir. 2004). This is true when either intentional or negligent tort claims are alleged. See, e.g., Ziegler v. Indian River County, 64 F.3d 470, 473-74 (9th Cir.1995); Whalen v. National Occupational Health Strategies, LLC, 2006 WL 223741 (W.D. Wash. Jan 25, 2006).

MEMORANDUM ORDER - Page 3

Plaintiff's Complaint and response memorandum assert that all of the alleged wrongful conduct by Defendant Smith occurred in Montana. There is no action taken by Defendant Smith that is alleged to have been directed at Idaho. Accordingly, the Court lacks personal jurisdiction over Defendant Smith and the case must dismissed as to this Defendant. See Schwarzenegger, 374 F.3d at 802-07 (explaining that plaintiff's complaint against a defendant must be dismissed for lack of personal jurisdiction where plaintiff failed to show that defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.").

### ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that

1. Defendant Smith's Motion to Strike (docket no. 19) is rendered **MOOT**; and

2 Defendant Smith's Motions to Dismiss (docket no. 6-1, 6-2) is **GRANTED**, and Plaintiff's Complaint against Defendant Smith is **DISMISSED.**

DATED: **October 20, 2006**

_____
Honorable Edward J. Lodge
U. S. District Judge